UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BAUTISTA CABRERA, individually and on behalf of all others similarly situated,

                          Plaintiff,

v.

SANTIAGO CANELA, individually and as officer, director, shareholder, and/or principal of ESTRELLA LATINA CORP., d/b/a ESTRELLA LATINA; ESTRELLA LATINA CORP., d/b/a ESTRELLA LATINA; JOSE M. RAMOS, individually and as officer, director, shareholder, and/or principal of ESTRELLA LATINA DEL CARIBE INC.; ESTRELLA LATINA DEL CARIBE INC.; and JOHN DOES 1-5,

                          Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

14-CV-04874 (LDH) (RML)

---

LaSHANN DeARCY HALL, United States District Judge:

        On March 8, 2019, Magistrate Judge Robert M. Levy issued his report and recommendation (the "R&R") regarding Plaintiff's motion for a default judgment. (ECF No. 56.) Magistrate Judge Levy recommends that Plaintiff's motion be granted as to Defendants Santiago Canela and Estrella Latina Corp. but denied as to Defendant Estrella Latina Del Caribe. (*Id.* at 23.) The parties filed no objections to the R&R. The Court has reviewed the well-reasoned R&R for clear error and, finding none, hereby adopts the R&R as the opinion of this Court, with two points of clarification.

        *First*, Defendant Jose M. Ramos, who has filed an answer in this action (ECF No. 30), is not subject to Plaintiff's motion for a default judgment, so the Court makes no ruling as to Plaintiff's claims against him.

        *Second*, although the Court fully agrees with Magistrate Judge Levy's determination that Plaintiff's conclusory allegations of interstate conduct are sufficient to support his Fair Labor

Standards Act ("FLSA") claim (*see* R&R 10–11), in light of the unsettled case law on this point, the Court wishes to explain its own reasoning. The FLSA provision at issue requires a plaintiff to show that he "is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a). The phrase "enterprise engaged in commerce or in the production of goods for commerce" is defined, in relevant part, as an enterprise that

(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

(ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1). The FLSA defines the term "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 USC § 203(b). Writing in 1998, then-district judge Sotomayor explained that, "[s]ince 1974, courts . . . have unanimously come to the same conclusion: local business activities fall within the reach of the FLSA when an enterprise employs workers who handle goods or materials that have moved or been produced in interstate commerce." *Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504, 530 (S.D.N.Y. 1998) (collecting circuit- and district-court cases); *see also id.* at 529–30 (surveying legislative history of § 203(s)).

Some courts in this district have held that a plaintiff asserting FLSA claims against a local restaurant must plead "more than the general description of [the restaurant's] business" in order to meet this interstate-commerce element. *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 86 (E.D.N.Y. 2012). Under this view, an FLSA claim "must be . . . supported by some non-

conclusory factual allegation" regarding interstate commerce. *Id.* This Court prefers "the sensible approach adopted by other judges in this district." *Huerta v. Victoria Bakery*, No. 10-CV-4754, 2012 WL 1107655, at *2 (E.D.N.Y. Mar. 30, 2012).

For example, in *Fermin v. Las Delicias Peruanas Restaurant, Inc.*, the district court found that "it [was] reasonable to infer that the myriad goods necessary to operate a Peruvian restaurant with an eat-in dining area and over $500,000.00 in annual sales do not exclusively come from New York State." 93 F. Supp. 3d 19, 33 (E.D.N.Y. 2015) ("As a restaurant, it is reasonable to infer that [the defendant] requires a wide variety of materials to operate, for example, foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more. It is also reasonable to infer that some of these materials moved or were produced in interstate commerce."). Similarly, in *Guardado v. 13 Wall Street, Inc.*, the court "infer[red] an interstate nexus based upon the factual allegations that Defendant operated a restaurant and that Plaintiff handled food presumably prepared at that restaurant, the ingredients of which logically originated, at least in part, outside of New York State." No. 15-CV-02482, 2016 WL 7480358, at *4 (E.D.N.Y. Dec. 2, 2016), *R. & R. adopted*, 2016 WL 7480363 (Dec. 29, 2016). In another case outside the restaurant context, a district court found it "inconceivable that some of the bread-making materials used by plaintiffs did not originate out of state or that the [defendant] bakery did not sell its products outside the State of New York." *Huerta*, 2012 WL 1107655, at *2. The same logic applies here. Defendants' restaurant has a kitchen and a bar and does more than $500,000 in annual business. It is eminently reasonable to infer that Defendants employ workers who handle materials that have traveled in interstate commerce. Indeed, it would defy logic to assume that none of the food, drinks, or materials served or used in the restaurant originated out of state.

In making this determination, the Court is particularly mindful of "the FLSA's primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 207 (2d Cir. 2015). To decline to make reasonable inferences of interstate commerce in cases like this would frustrate the FLSA's remedial purpose and would give employers perverse incentives to default in FLSA actions, where plaintiff workers may lack specific information about their employers' distribution networks. The Court refuses to handicap working men and women in such a manner.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a default judgment is GRANTED as to Defendants Santiago Canela and Estrella Latina Corp. but DENIED as to Estrella Latina Del Caribe, Inc.

Plaintiff is awarded $66,991.64 in damages, consisting of $20,676.25 in unpaid minimum-wage compensation, $7,568.55 in unpaid overtime compensation, $2,085.00 in unlawfully retained gratuities, $2,015.50 in unpaid spread-of-hours wages, $32,146.34 in liquidated damages, and $2,500.00 in statutory penalties for wage statement violations. Plaintiff is also awarded pre-judgment interest of $7.98 per day, accruing from August 1, 2012, to the date of entry of judgment, and post-judgment interest at an annual rate of 9%.

Plaintiff's application for attorney's fees and costs is DENIED with leave to refile a complete application within thirty (30) days of this order.

SO ORDERED.

Dated: Brooklyn, New York
      March 31, 2019

s/ LDH
LaSHANN DeARCY HALL
United States District Judge