UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BAUTISTA CABRERA, individually and
on behalf of all others similarly situated,

                Plaintiff,

    -against-

SANTIAGO CANELA, individually and as
officer, shareholder, and/or principal of
ESTRELLA LATINA CORP., d/b/a
ESTRELLA LATINA; ESTRELLA LATINA
CORP., d/b/a ESTRELLA LATINA,

                Defendants.
----------------------------------------------------------X

REPORT AND
RECOMMENDATION
14 CV 4874 (LDH)(RML)

LEVY, United States Magistrate Judge:

        On March 31, 2019, the Honorable LaShann DeArcy Hall, United States District Judge, adopted my Report and Recommendation of March 8, 2019 (the "R&R"), familiarity with which is presumed, and granted plaintiff Bautista Cabrera ("plaintiff") leave to file a motion for attorney's fees and costs.  (See Order Adopting Report and Recommendation, dated Mar. 31, 2019, Dkt. No. 58.)  Plaintiff moved for attorney's fees and costs on May 3, 2019.  (See Motion for Attorney's Fees and Costs, dated May 3, 2019, Dkt. No. 60.)  On May 16, 2019, Judge DeArcy Hall referred plaintiff's motion to me.  (See Order Referring Motion, dated May 16, 2019.)  For the reasons stated below, I respectfully recommend that plaintiff be awarded $37,582.25 in attorney's fees and $1,489.27 in costs against the defaulting defendants, Santiago Canela and Estrella Latina Corp.

        As described in the R&R, plaintiff is entitled to recover reasonable attorney's fees and costs under the Fair Labor Standards Act ("FLSA") and the New York Labor Law.  (See

R&R, Dkt. No. 56, at 23 (citing 29 U.S.C. § 216(b); N.Y. LAB. LAW §§ 198, 663(1)).) Plaintiff seeks attorney's fees in the amount of $46,587.75.

District courts have "considerable discretion in determining what constitutes reasonable attorney's fees in a given case." Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 151 (2d Cir. 2008). When exercising their discretion to determine the reasonableness of attorney's fees, courts in this circuit use the "presumptively reasonable fee" standard. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 183, 190 (2d Cir. 2008). The presumptively reasonable fee, also known as the lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011). In addition, an application for attorney's fees must be supported "by accurate, detailed, and contemporaneous time records." Labarbera v. ASTC Labs., Inc., 752 F. Supp. 2d 263, 277 (E.D.N.Y. 2010). Plaintiff has satisfied this requirement by submitting attorney time records. (See Declaration of Matthew L. Berman, Esq., dated May 3, 2019 ("Berman Decl."), Exs. 1, 2, Dkt. Nos. 60-2, 60-3.)

The court must first assess whether plaintiff's counsel requests a reasonable hourly rate. A reasonable hourly rate is "the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190. Reasonable hourly rates should be based on "rates prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." Cruz v. Local Union No. 3 of IBEW, 34 F.3d 1148, 1159 (2d Cir. 1994) (citing Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984)). A judge may determine prevailing rates based on evidence presented or his or her own knowledge of rates charged in the community. Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d

1053, 1059 (2d Cir. 1989). The "community" is generally considered to be the district where the court sits. See Arbor Hill, 522 F.3d at 190. Also, "the nature of representation and type of work involved in a case are critical ingredients in determining the 'reasonable' hourly rate." Id. at 184 n.2 (citations omitted).

Plaintiff is represented by the law firm of Valli Kane & Vagnini, LLP. It requests hourly rates of $450 for partner Robert J. Valli, Jr., $425 for partner James A. Vagnini, $450 for senior associate[1] Matthew L. Berman, $375 for senior associate S. Tito Sinha, $250 for associate Alexander M. White, $200 for associate Matthew Capobianco, $200 for paralegals Luz Arce and Maryanne Greenfield, and $150 for paralegals Ana Martinez and Evelyn Raxton. (Berman Decl. ¶ 21.) I find these rates—with the exception of the rate requested for Matthew Capobianco— to be higher than the rates typically awarded in this district for comparable work. See Kotuwage v. NSS Petroleum Inc., No. 15 CV 4374, 2019 WL 1370692, at *1 (E.D.N.Y. Mar. 6, 2019) ("In recent years, decisions in this District have determined reasonable hourly rates in FLSA cases to be approximately $300-$450 for partners, $200-$325 for senior associates, $100-200 for junior associates, and $60-$80 for legal support staff.") (internal quotation marks omitted) (citation omitted), report and recommendation adopted as modified sub nom., Kotuwage v. Bilt Petroleum, Inc., 2019 WL 1370091 (E.D.N.Y. Mar. 26, 2019); Hernandez v. Delta Deli Mkt. Inc., No. 18 CV 375, 2019 WL 643735, at *10 (E.D.N.Y. Feb. 12, 2019) (finding $90-$100 to be a reasonable hourly rate for paralegals and awarding $100).

Taking into account the attorneys' degree of skill and the court's own experience dealing with similar claims, I respectfully recommend that the work of partners Robert J. Valli,

---

[1] According to plaintiff's submission, Mr. Berman was promoted to partner during the course of this litigation, though his hourly rate did not change. (See Berman Decl. ¶ 21 n.1.) Plaintiff's submission does not indicate when the promotion occurred.

3

Jr. and James A. Vagnini be compensated at the rate of $400 per hour, that the work of senior associates Matthew L. Berman and S. Tito Sinha be compensated at the rate of $325 per hour, that the work of associates Alexander M. White and Matthew Capobianco be compensated at the rate of $200 per hour, and that the work performed by paralegals Luz Arce, Maryanne Greenfield, Ana Martinez, and Evelyn Raxton be compensated at the rate of $100 per hour.

To determine the reasonableness of the hours spent on the litigation, the court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." Maldonado v. La Nueva Rampa, Inc., No. 10 CV 8195, 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012) (quoting Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994)). The "critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" Id. (quoting Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992)). The court may exclude those hours that it finds excessive, redundant, or otherwise unnecessary. See Gordon v. Site 16/17 Dev., LLC, No. 11 CV 427, 2011 WL 3251520, at *6 (S.D.N.Y. July 28, 2011). In lieu of an itemized reduction, the court may make an across-the-board percentage reduction. See Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d Cir. 1998).

Here, plaintiff's counsel seeks compensation for 124.71 attorney hours (9.06 for partner Robert J. Valli, Jr., 1.48 for partner James A. Vagnini, 13.6 for senior associate Matthew L. Berman, 40.29 for senior associate S. Tito Sinha, 48.83 for associate Alexander M. White and 11.45 for associate Matthew Capobianco) and 37.96 paralegal hours. Given the unusual history of this case,[2] I find the number of hours expended on this matter neither excessive nor

---

[2] For a fuller discussion, see Berman Decl. ¶¶ 6-15.

wasteful and do not recommend any reduction. In sum, I recommend that plaintiff be awarded $37,582.25 in attorney's fees, as follows:

| Name | Hourly Rate | Number of Hours | Total |
| --- | --- | --- | --- |
| Robert J. Valli, Jr. | $400 | 9.06 | $3,624.00 |
| James A. Vagnini | $400 | 1.48 | $592 |
| Matthew L. Berman | $325 | 13.6 | $4,420 |
| S. Tito Sinha | $325 | 40.29 | $13,094.25 |
| Alexander M. White | $200 | 48.83 | $9,766 |
| Matthew Capobianco | $200 | 11.45 | $2,290 |
| Paralegals | $100 | 37.96 | $3,796 |
| **TOTAL** | | | **$37,582.25** |

Finally, plaintiff seeks $1,489.27 in costs, representing $595.41 in service of process fees, $407.16 in legal research fees, $400 for this court's filing fee, $75 in parking fees for court appearances, and $11.70 for postage. (Berman Decl. ¶ 20, Exs. 1, 2.) I find this request to be reasonable and recommend that it be granted. See Merch. Cash & Cap., LLC v. Progressive Rent A Car, Inc., No. 16 CV 3720, 2018 WL 4268908, at *7 (E.D.N.Y. Aug. 15, 2018) (awarding parking fees for court appearances), report and recommendation adopted, 2018 WL 4265947 (E.D.N.Y. Sept. 5, 2018); Aretakis v. United Airlines, Inc., No. 15 CV 6313, 2017 WL 3037482, at *3 (E.D.N.Y. June 23, 2017) (same), report and recommendation adopted, 2017 WL 3037403 (E.D.N.Y. July 17, 2017).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's motion for attorney's fees and costs be granted and that plaintiff be awarded $37,582.25 in attorney's fees

and $1,489.27 in costs, for a total of $39,071.52.  Plaintiff is directed to serve a copy of this report and recommendation on the defaulting defendants by first-class mail and to electronically file proof of service with the court within three (3) days.  Any objections to this report and recommendation must be filed with the Clerk of Court, with courtesy copies to Judge DeArcy Hall and to my chambers, within fourteen (14) days.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
      June 20, 2019